UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Securities and Exchange Commission, | Case No. 17-mc-0055 (WMW/SER) |
| Petitioner, | **ORDER ADOPTING AS MODIFIED REPORT AND RECOMMENDATION** |
| v. | |
| Wynn A. Gustafson, | |
| Respondent. | |

This matter is before the Court on the January 9, 2018 Report and Recommendation of United States Magistrate Judge Steven E. Rau. (Dkt. 10.) No objections to the Report and Recommendation have been filed. In the absence of timely objections, this Court reviews a Report and Recommendation for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed the Report and Recommendation, the Court finds no clear error in the recommendation to grant Petitioner United States Securities and Exchange Commission's application for an order compelling Respondent Wynn A. Gustafson's compliance with an administrative subpoena.

However, the Report and Recommendation also recommends that the Court retain jurisdiction over this matter to ensure "compliance with any subsequent order." The jurisdiction of federal courts is limited to actual cases or controversies, *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994), and the burden of

establishing that a court has jurisdiction falls to the party asserting jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). By granting Petitioner's application for relief, the Court resolves the case or controversy before it. It is true that, under certain circumstances, a court may retain jurisdiction to enforce a judgment. *See, e.g.*, *In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375 (8th Cir. 1996) (noting that district court may retain jurisdiction over contempt order after appeal of order to supervise ongoing conduct of parties in long-running investigation); *Miener ex rel Miener v. Mo. Dep't of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995) (explaining that district court may retain post-dismissal jurisdiction to enforce a settlement agreement only when dismissal order expressly incorporates the terms of the settlement agreement). But those circumstances are not present here. Petitioner has neither requested the Court to retain jurisdiction over a long-running matter nor requested the Court to incorporate the terms of the application to enforce the subpoena into the Court's Order. Moreover, nothing in Petitioner's application or the Report and Recommendation explains or attempts to limit the scope of the jurisdiction that the Court would retain. For these reasons, the Court declines to retain jurisdiction over this matter. Accordingly, the Report and Recommendation is adopted as modified.

Based on the Report and Recommendation and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The January 9, 2018 Report and Recommendation, (Dkt. 10), is **ADOPTED AS MODIFIED**.

2.  Petitioner United States Securities and Exchange Commission's application for an order compelling compliance with the administrative subpoena, (Dkt. 1.), is **GRANTED**.

3.  Respondent Wynn A. Gustafson shall comply with the subpoena by producing all documents responsive to the subpoena within 30 days after the date of this Order.

4.  Petitioner shall serve Respondent with a copy of the Report and Recommendation and a copy of this Order by overnight express mail or electronic mail.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 4, 2018

Wilhelmina M. Wright
United States District Judge